**UNITED STATES DISTRICT COURT**

**DISTRICT OF MASSACHUSETTS (Boston)**

| | | |
|---|---|---|
| Comcast of Massachusetts I, Inc. ("Comcast") | ) | Case No.: **1:05-cv-11554-REK** |
| | ) | |
| Plaintiff, | ) | **PLAINTIFF'S MOTION FOR** |
| | ) | **DEFAULT JUDGMENT** |
| vs. | ) | |
| | ) | |
| Maurice A. Rousseau III d/b/a Art's Auto Center | ) | |
| | ) | |
| | ) | |
| Defendant | ) | |

Plaintiff hereby moves this Court for a Judgment by Default in the above-entitled action against the Defendant. The Plaintiff also requests that this Court assess non-Liquidated Damages after considering the Plaintiff's filings made herewith. The Plaintiff contends that the Court should be able to assess non-liquidated damages in this action based upon the facts as determined through the Defendant's default and the documents filed herewith, all in accordance with Fed. R. Civ. P. 55(b)(2). However, should this Court determine that testimony is necessary, or even helpful, for the assessment of non-liquidated damages then the Plaintiff requests that such a hearing be scheduled.

In support of this Motion, Plaintiff submits:

1.     That a Default was entered against the Defendant on December 15, 2005.

2.     That the Defendant has still failed to reply or otherwise defend the claims set forth in Plaintiff's Complaint;

3.     That the Defendant is not an infant or incompetent;

4.     That the Defendant is not in the military service; and,

5.      That the Plaintiff is entitled to damages and other civil remedies as set forth

below.

In further support of this Motion, please see:

1.      Memorandum of Law in Support of Plaintiff's Motion for Default Judgment.

2.      Affidavit of Attorney John M. McLaughlin.

3.      Affidavit of Mark Mondalto.

4.      Proposed Order of Default.

**WHEREFORE** Plaintiff respectfully requests that this Court enter Default Judgment in

favor of the Plaintiff and against the Defendant for the following:

Pursuant to all of the above, the Plaintiff is entitled to a Default Judgment as follows:

1.      Statutory damages \$5,000.00 for the violations of 47 U.S.C. § 553(a) pursuant to

Title 47 U.S.C. § 553(c)(3)(A)(ii) and/or Title 47 U.S.C. § 553(c)(3)(B);

2.      costs \$314.40  pursuant to 47 U.S.C. 553(c)(2)(C);

3.      The issuance of a permanent injunction pursuant to 47 U.S.C. § 553 (c)(2)(A)

utilizing the following language or language of a similar nature:

"The Court hereby enjoins the Defendant, the Defendant's respective

agents, servants, employees, and any person or entity controlled directly or

indirectly by the Defendant or acting on the Defendant's behalf from making any

unauthorized connections into the Plaintiff's cable television distribution system

in violation of provisions of Title 47";

4.      Post-Judgment interest running on the judgment pursuant to 26 U.S.C. § 1961;

and,

5.       Attorney's fees of \$1,440.00 pursuant to Title 47 U.S.C. 553(c)(2)(C).

Page      2

Respectfully Submitted for the Plaintiff,
Comcast of Massachusetts I, Inc.
By Its Attorney,

3/15/06                           /s/ John M. McLaughlin
Date                        John M. McLaughlin
                            Green, Miles, Lipton & Fitz-Gibbon LLP
                            77 Pleasant Street
                            P.O. Box 210
                            Northampton, MA 01061-0210
                            BBO No 556328

## CERTIFICATE OF SERVICE

I, John M. McLaughlin, attorney for the Plaintiff, hereby certify that on the 15th of March, 2006, I served a copy of the foregoing Motion for Default Judgment, Memorandum of Law, Proposed Order, Affidavit of John M. McLaughlin and Affidavit of Mark Mondalto were sent via first class mail, postage pre-paid to:

Mr. Art Rousseau
134 Town Farm Road
Ipswich, MA 01938-1367

/s/ John M. McLaughlin
John M. McLaughlin

**UNITED STATES DISTRICT COURT**

**DISTRICT OF MASSACHUSETTS (Boston)**

| | | |
|---|---|---|
| Comcast of Massachusetts I, Inc. ("Comcast") | ) | Case No.: **1:05-cv-11554-REK** |
| | ) | |
| Plaintiff, | ) | **AFFIDAVIT OF JOHN M.** |
| | ) | **MCLAUGHLIN, ESQ.** |
| vs. | ) | |
| | ) | |
| Maurice A. Rousseau III d/b/a Art's Auto Center | ) | |
| | ) | |
| | ) | |
| Defendant | ) | |

Now comes the affiant, and makes this his sworn statement, under the pains and penalties

of perjury, of his own personal knowledge.

**GENERAL FACTUAL ASSERTIONS**

1.      I, John M. McLaughlin, represent the Plaintiff in the above-entitled action.

2.      I am a member of the Law Firm of Green, Miles, Lipton & Fitz-Gibbon LLP.

**FACTUAL ASSERTIONS AS TO ATTORNEY'S FEES**

3.      My usual hourly rate is $200.00 per hour. This rate is more than reasonable for

telecommunication civil litigation specialists.

4.      I have been a member of the Federal Communications Bar Association and I have

been heavily involved in telecommunications litigation since the early 1990's. I

have represented Comcast, DIRECTV, Cox, ATTB, and numerous MediaOne

and/or Continental Cablevision corporate entities in hundreds of civil actions.

5.      The time records have been edited to remove any a confidential communications

with the client. The Plaintiff reserves the right to amend its claim for attorney's

fees and costs should Plaintiff's Counsel have to attend a Default Hearing in Boston and Plaintiff may also bear certain costs with reference to said hearing. The details of the time records to-date are set forth below.  Also, I have already reduced the billable time from the actual time spent on reviewing and sorting my time records to take into account the first circuit case of *Brewster v. Dukakis*, 3 Fed.3d 488, (1st Cir. 1993) which provides that attorney's fees for work on affidavit for fees should be billed at a reduced rate.

## ATTORNEY'S HOURS:

| | | |
|---|---|---|
| 7/20/05 | Start Draft of commercial splicing Complaint | 1.50 |
| 7/21/05 | finish drafting complaint and other documents | 1.00 |
| 12/13/05 | Review Entry for Default | .20 |
| 3/14/04 | work on Comcast affidavit, Research case law on commercial defendants and start drafting Default judgment documentation | 2.50 |
| 3/15/05 | finished drafting default judgment documents | 2.00 |

**TOTAL of hours**                                                                  7.20
At $200.00 per hour

**TOTAL amounts**                                                    **$1,440.00**

Page

6.      No attorney's fees have been paid by the Plaintiff in the case at bar because the

case is covered by a contingency fee agreement and there has not been and may

never be any actual recovery.

## OTHER FACTUAL ASSERTIONS

7.      The Default of the Defendant has been entered for failure to appear in this action.

8.      On information and belief, the Defendant is not an infant or an incompetent and

the Defendant is not in the military service

Subscribed and sworn to, under the pains and penalties of perjury, this 15 day of

March, 2006.


                                        __/s/ John M. McLaughlin_____
                                        John M. McLaughlin

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| **Comcast of Massachusetts I, Inc.** ("Comcast") | ) | Case No.: **1:05-cv-11554-REK** |
| | ) | |
| | ) | |
| Plaintiff, | ) | **AFFIDAVIT OF MARK MONDALTO** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Maurice A. Rousseau III d/b/a Art's Auto Center** | ) | |
| | ) | |
| | ) | |
| Defendant | ) | |

Now comes the Affiant, and makes this his sworn statement, under the pains and penalties of perjury, of his own personal knowledge.

*Affiant's Training*

1. My name is Mark Mondalto.

2. I am employed by Comcast as an Area Piracy Specialist. I also worked in a similar position for Comcast's predecessor in interest.

3. In the interests of simplicity, throughout this affidavit I will hereinafter refer to Comcast of Massachusetts I, Inc. and/or its predecessor in interest as "Comcast".

4. I am familiar with the business records of Comcast associated with the Defendant, Maurice A. Rousseau III d/b/a Art's Auto Center.

5. I have been trained by Comcast and I have been in my position or a similar position to this for a number of years. Through this training and experience I have become familiar with:

   a. Comcast's encryption and security system;

b.  Comcast's distribution system including the authorized connection protocols for connecting legitimate subscribers into the cable television signal distribution system.

### Comcast's Cable Television Signal Distribution System and Unauthorized Connections

6.  Comcast utilizes particular hardware to connect legitimate subscribers to the cable television distribution system.  Additionally, there are certain protocols which allow for signals to pass through a connection upon the subscriber initiating an account with Comcast.

7.  Unfortunately, it is possible to connect a dwelling or business to the Comcast cable television signal distribution system without authorization.  This can be done where an individual has the technological know how to effectuate the connection themselves or where an individual hires some third party with know how to make the connection for them.

### Defendant's Actions

8.  On or about July 23, 2002, the business known as Art's Auto Center did not maintain an account with Comcast and it was not authorized to receive signals.

9.  On or about July 23, 2002, I personally conducted an audit at the business known as Art's Auto Center located at 134 Town Farm Road, Ipswich, MA.

10. During the audit, I discovered that the business was receiving Comcast's signals without authorization.

11. During the audit, I went into the commercial building and spoke with an individual who identified himself as the owner of the business, Mr. Rousseau. After I pointed out the fact that he was connected to Comcast's system and receiving signals without authorization, he admitted that was the case. In fact, he said "You've got me with illegal cable, what do you want me to say?"

12. Mr. Rousseau admitted to receiving these signals without an account for a year and a half.

13. Before leaving the business location, I disconnected the unauthorized connection.

*Damages*

14. Based upon the fact that the Defendant admitted to the initiation of receiving signals without an account for a year and a half prior to July 2002, the pertinent period of time for the calculation of damages for this reception of signals would be the 18 month period from January 2001 until July 2002.

15. An unauthorized connection without the use of some type of black market or unauthorized descrambling device would still allow for the receipt of basic programming (unscrambled) into the business. During the pertinent period of time, the cost for a business other than a bar, restaurant, or a nightclub would have been $43.95 per month.

16. Therefore, the damages for the unauthorized interception are, at a bare minimum, $791.10. Bear in mind that I do not know for certain when this unauthorized connection was effectuated. The Defendant admitted to one and a half years of service without an account or payment, but this unauthorized interception could have been going on for a much longer period of time.

Subscribed and sworn to, under the pains and penalties of perjury, this 14th day of March, 2006.

Mark Mondalto

**UNITED STATES DISTRICT COURT**

**DISTRICT OF MASSACHUSETTS (Boston)**

| | | |
|---|---|---|
| Comcast of Massachusetts I, Inc. ("Comcast") | ) | Case No.: **1:05-cv-11554-REK** |
| | ) | |
| Plaintiff, | ) | **ORDER OF** |
| | ) | **DEFAULT JUDGMENT** |
| vs. | ) | |
| | ) | |
| Maurice A. Rousseau III d/b/a Art's Auto Center | ) | |
| | ) | |
| | ) | |
| Defendant | ) | |

The Court, having considered the Plaintiff's Motion for Default Judgment and the accompanying documentation filed with said motion, finds that the Plaintiff is entitled to a Default Judgment as follows:

1.      $\underline{\hspace{3cm}}$ in baseline statutory damages pursuant to Title 47 U.S.C. § 553(c)(3)(A)(ii) and/or Title 47 U.S.C. § 553(c)(3)(B)for the violation of 47 U.S.C. § 553(a);

2.      Costs $\underline{\hspace{1.5cm}}$pursuant to 47 U.S.C. 553(c)(2)(C);

3.      The issuance of a permanent injunction pursuant to 47 U.S.C. § 553 (c)(2)(A) utilizing the following language or language of a similar nature:

"The Court hereby enjoins the Defendant, the Defendant's respective agents, servants, employees, and any person or entity controlled directly or indirectly by the Defendant or acting on the Defendant's behalf from making any unauthorized connections into the Plaintiff's cable television distribution system in violation of provisions of Title 47"; and,

4.      Post-Judgment interest running on the judgment pursuant to 26 U.S.C. § 1961.

    5.        Attorney's fees of $_____pursuant to Title 47 U.S.C. 553(c)(2)(C).

**SO ORDERED**.

Dated: _____          _____
                                     United States District Court Judge