UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
COMCAST OF MASSACHUSETTS I,         )
INC.,                               )
    Plaintiff                       )
                                    )
    v.                              )  CIVIL ACTION
                                    )  NO. 05-11554-REK
MAURICE A. ROUSSEAU III d/b/a       )
ART'S AUTO CENTER,                  )
    Defendant                       )
_____)

**Memorandum and Order**
April 26, 2006

### I. Pending Matters

Pending for decision are matters related to the following filing:

Plaintiff's Motion for Default Judgment (Docket No. 8, filed March 15, 2006).

### II. Factual and Procedural History

This case is an action for unlawful interception of cable television signals. On July 22, 2005, plaintiff filed this suit against defendant for defendant's alleged effectuation and utilization of an unauthorized hook up to intercept plaintiff's cable television signals in violation of Section 553 of Title 47 of the United States Code. (Docket No. 1.) On December 13, 2005, plaintiff filed a request for an entry of default judgment against defendant (Docket No. 4), and a notice of default against defendant was issued on December 15, 2005 (Docket No. 5). After the notice of default was issued, plaintiff filed a motion for default judgment on March 15, 2006. (Docket No. 8.)

### III.  Analysis

After notice of default against defendant, plaintiff has now appropriately filed a motion for default judgment that contains a calculation of plaintiff's damages. Defendant did not file an opposition to plaintiff's motion. I find that plaintiff has proved $1,791.10 in damages and therefore award default judgment against defendant in that amount. I also award plaintiff $314 in costs and $1,440 in attorney's fees.

**A.     Findings of Fact**

A default, which exists here, constitutes an admission of all well-pleaded factual allegations in the complaint, except for those relating to damages. <u>Greyhound Exhibitgroup, Inc.</u> v. <u>E.L.U.L. Realty Corp.</u>, 973 F.2d 155, 158 (2nd Cir. 1992). Thus, I find that plaintiff has pleaded and proved the following facts:

(1) On or before July 23, 2002, defendant or some third party effectuated the unauthorized interception of plaintiff's cable television signals by making an unauthorized physical alteration to the wiring entering defendant's place of business, thereby allowing for cable television signals to be brought in to defendant's place of business without plaintiff's authorization and without paying for these signals.

(2) On July 23, 2002, defendant admitted to receiving plaintiff's signals without an account for a year and a half.

(3) During the eighteen months before July 23, 2002, the cost for a business other than a bar, restaurant, or a nightclub to receive the cable signals was $43.95 per month.

**B.     Statutory Damages**

Plaintiff first requests that this court enter $5,000 in statutory damages pursuant to

Section 553(c)(3)(A)(ii) and Section 553(c)(3)(B) of Title 47 of the United States Code for the unauthorized interception of signals as set forth in the complaint. I find that plaintiff is entitled to $791.10 in statutory damages.

Section 553 provides that "[n]o person shall intercept or receive or assist in intercepting or receiving any communications service offered over a cable system, unless specifically authorized to do so by a cable operator or as may otherwise be specifically authorized by law." 47 U.S.C. § 553(a)(1) (1992). In this case, no doubt exists that defendant's conduct subjects him to liability under Section 553. In terms of damages under Section 553, an aggrieved party can recover two types of damages - actual and statutory. 47 U.S.C. § 553(c)(3)(A). If the aggrieved party is awarded statutory damages, the aggrieved party may recover an award of statutory damages for all violations involved in the action, in a sum of not less than $250 or more than $10,000 as the court considers just. 47 U.S.C. § 553(c)(3)(A)(ii).

As I stated in Comcast of Massachusetts I, Inc., l/k/a AT&T Broadband v. Naranjo, however, Section 553 provides little guidance as to the determination of statutory damages, stating only that the court should select a "just" amount no less than $250 and no more than $10,000. 303 F.Supp.2d 43, 45 (D. Mass. 2004). The determination of statutory damages is thus within the court's discretion. Previously, I have awarded as "just" statutory damages as "reasonable an estimate of actual damages as the facts...allow." Naranjo, 303 F.Supp.2d at 48.

Plaintiff argues that its allegation of use for eighteen months can be supported by defendant's admission on July 23, 2002, that he had been intercepting cable signals for one and a half years. I find that plaintiff issued cable to defendant for a total of eighteen months. I must still estimate, however, how much and how often defendant engaged in the unauthorized interception

3

of cable. Id. at 49.

Plaintiff submits that its suggested total of $43.95 in usage per month is based on the cost for a business other than a bar, restaurant, or nightclub for the pertinent period. I agree with plaintiff as to its estimate of monthly damages and find that $43.95 is a fair estimate of actual damages. Thus, estimated actual damages for eighteen months total $791.10.

**1.      Enhanced Damages**

In terms of increasing the award of statutory damages, pursuant to Section 553(c)(3)(B), plaintiff argues that defendant's conduct in this case warrants $4208.90 in enhanced damages.

"In any case in which the court finds that the violation was committed willfully and for purposes of commercial advantage or private financial gain, the court in its discretion may increase the award of damages, whether actual or statutory...by an amount of not more than $50,000." 47 U.S.C. § 553(c)(3)(B). Conversely, "[i]n any case where the court finds that the violator was not aware and had no reason to believe that his acts constituted a violation of this section, the court in its discretion may reduce the award of damages to a sum of not less than $100." 47 U.S.C. § 553(c)(3)(C). Thus, if I find that defendant has willfully committed an offense under Section 553(a) for private or commercial gain, the increase in statutory damages will be based solely on the court's discretion.

Within this district, plaintiff relies on Charter Communications Entertainment I, LLC v. Burdulis, 367 F.Supp.2d 16 (D. Mass. 2005), and Mountain Cable Co. v. Choquette, 53 F.Supp.2d 107 (D. Mass. 1999), to argue that enhanced damages are appropriate in this case. In Charter, Judge Saylor held that defendant's use of a descrambler constituted willfulness and

4

warranted enhanced damages. 367 F.Supp.2d at 30 (stating that "under ordinary circumstances, the acts of purchasing a descrambler and installing it are sufficient, standing alone to demonstrate willfulness. A descrambler has no legal use, and it would be unusual, to say the least, for a person to use such a device non-willfully"). In Mountain Cable, Judge Ponsor held that defendant's interception of cable signals constituted private financial gain because defendant was a landlord who distributed cable to his tenants and charged them for this distribution. 53 F.Supp.2d at 113 (awarding enhanced damages). Neither of these cases is analogous to the case before me, nor has plaintiff shown either the willfulness or the commercial advantage or private financial gain necessary to warrant enhanced damages.

Plaintiff has not shown that defendant used a descrambler, nor has plaintiff shown that plaintiff received any premium cable channels. Although defendant admitted to having received illegal cable, plaintiff failed to demonstrate that defendant himself willfully altered the wiring to intercept cable. Based on the facts before me, it is entirely possible that the willful action was undertaken by a previous tenant or a third party. Furthermore, although plaintiff states that "a used car dealership is more 'commercial' in nature than the landlord of a small multifamily dwelling" (Docket No. 9 at 8), this claim is entirely inapposite. The question before me is not whether defendant's used car dealership is commercial in nature, but whether defendant received any commercial advantage or private financial gain from his interception of defendant's cable signals. Plaintiff has not shown either that defendant attracted more customers to his dealership with a promise of cable television or that defendant charged his customers or employees for cable television. I thus find that enhanced damages are not appropriate in this case.

2.     **Award**

Therefore, I award plaintiff statutory damages of $791.10.

**C.     Injunctive Relief**

Plaintiff argues that it is entitled to injunctive relief against defendant pursuant to Section 553(c)(2)(A). The court may "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain violations of [Section 553(a)]." 47 U.S.C. § 553(c)(2)(A). Courts routinely enter injunctions preventing defendants from illegally intercepting cable. See, e.g., Naranjo, 303 F.Supp.2d at 50; Burdulis, 367 F.Supp.2d at 33. I agree with plaintiff and therefore issue a permanent injunction against defendant.

**D.     Attorneys' Fees and Costs**

Plaintiff argues that it is entitled to an award of reasonable attorneys' fees in the amount of $1,440 and costs in the amount of $314.40 pursuant to Section 553(c)(2)(C). I agree that plaintiff is entitled to an award of reasonable attorneys' fees and costs. I therefore award plaintiff $1,754.40 in reasonable attorneys' fees and costs.

Section 553(c)(2)(C) authorizes this court to "direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails." With regard to attorneys' fees, this circuit has followed the "lodestar" approach, which calculates reasonable attorneys' fees as "the number of hours reasonably expended multiplied by a reasonable hourly rate." Furtado v. Bishop, 635 F.2d 915, 920 (1st Cir. 1980).

To this end, plaintiff has submitted an affidavit from its attorney, John M. McLaughlin, in support of plaintiff's motion for default judgment. Within this affidavit, Mr. McLaughlin states that his "usual hourly rate is $200.00." (Docket No. 8, Exh.1.) Mr. McLaughlin states that he has expended a total of 7.2 hours on this case reviewing and drafting

plaintiff's complaint and default motion documents.  (Id.)

I find that a total of 7.2 hours for an attorney to spend on this case is reasonable. See Doucette, No. 03-11779-REK at 4 (finding that 6.0 hours of attorney time and 5.3 hours of paralegal time in cable piracy case were "a reasonable expended number of hours").  I also find that Mr. McLaughlin's hourly rate of $200 is reasonable.  See id. (finding that "hourly rat[e] of $200 for attorney time [in a cable piracy case was a] reasonable hourly rat[e]").  Therefore, the fees associated with the efforts of Mr. McLaughlin are $1,440, and I find that this amount is reasonable.

Plaintiff also submits that it has incurred total costs of $314.40, which includes the filing fee of $250 and the sheriff's service fee of $64.40.  I award plaintiff these costs.

Thus, I award to plaintiff $1,754.40 in reasonable attorneys' fees and costs.

**E.**     **Post-Judgment Interest**

Plaintiff argues that it is entitled to post-judgment interest accruing on the judgment pursuant to Section 1961 of Title 28 of the United States Code.  I agree with plaintiff and award it post-judgment interest.

"Interest shall be allowed on any money judgment in a civil case recovered in a district court...Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield...for the calendar week preceding the date of the judgment."  28 U.S.C. § 1961(a).  Thus, plaintiff is entitled to post-judgment interest on the statutory damages, reasonable attorneys' fees awarded to plaintiff in this case, as well as the costs associated with this case.

**ORDER**

For the foregoing reasons, it is ORDERED:

(1) Plaintiff's Motion for Default Judgment (Docket No. 8) is ALLOWED; and

(2) The Clerk is ordered to enter the following Final Judgment:

    (i) Plaintiff is entitled to judgment against the defendant.
    (ii) The amount to be awarded is $791.10 in statutory damages and $1,754.40 in reasonable attorneys' fees and costs.
    (iii) The court hereby enjoins defendant Maurice A. Rousseau III, his respective agent's servants, employees, and any person or entity controlled directly or indirectly by the defendant or acting on the defendant's behalf from making any unauthorized connections into the plaintiff's cable television distribution system in violation of provisions of Title 47.
    (iv) Plaintiff is entitled to post-judgment interest on the monetary awards pursuant to 28 U.S.C. § 1961(a) at the federal judgment rate applicable on the date of final judgment.
    (v) This case is closed.


                                        ____/s/Robert E. Keeton_____
                                              Robert E. Keeton
                                   Senior United States District Judge